UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH G. DUNBAR,

    Petitioner/Plaintiff,

v.

RAYMOND BOOKER, SANDRA
SCHULTZ MENGEL, JAMES A.        Case No. 07-10993
HIGGINS, LEONARD GREEN,
JEFFERY G. COLLINS, MIKE COX,    Honorable Patrick J. Duggan
LAURA MOODY, ROBERT M.
MORGAN, GERALD M. LORENCE,
SAMUEL POSNER, ASSISTANT
DEPUTY WARDEN STODDARD,
PATRICIA L. CARUSO, DOCTOR
PIPER, LT. GAUCCI, and DOMINIC
SCROY,

    Respondents/Defendants.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION AND DISMISSING WITHOUT PREJUDICE CIVIL RIGHTS COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 5, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On March 8, 2007, petitioner and plaintiff, Joseph G. Dunbar ("Petitioner"), filed a

*pro se* pleading consisting of a habeas corpus petition, brought pursuant to 28 U.S.C. §

2241(c)(3), and a civil rights complaint, brought pursuant to 42 U.S.C. § 1983 and *Bivens*

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 99 S. Ct. 1999 (1971).[1] The pleading challenges Petitioner's state conviction for first-degree criminal sexual conduct.[2] In addition, the pleading alleges that the respondents and defendants ("the respondents") have conspired to deprive Petitioner of his constitutional rights.

Also pending before the Court are: (1) Petitioner's motion for appointment of counsel and for a transfer to a federal prison;[3] (2) Petitioner's motion for a temporary restraining order to prevent prison officials from obstructing Plaintiff's rights to send and receive mail;[4] and (3) Petitioner's second application for permission to proceed without prepayment of fees and costs.[5]

## I. **Discussion**

As stated above, Petitioner's pleading is brought as a habeas corpus petition or, in the alternative, a civil rights action. Throughout the pleading, Petitioner makes arguments that can be construed as both challenging his state conviction and challenging

---

[1] Petitioner filed an amended pleading styled "Correction of Petition/Complaint" on March 28, 2007.

[2] Petitioner was convicted following a jury trial on June 25, 1991. As a result, he was sentenced to 40 to 60 years imprisonment.

[3] This motion was filed on March 28, 2007. (*See* Docket No. 5). Petitioner filed an affidavit in support of this motion on May 7, 2007. (*See* Docket No. 10).

[4] This motion was filed on April 4, 2007. (*See* Docket No. 7). Petitioner filed the exact same motion again on April 19, 2007. (*See* Docket No. 9).

[5] This application was filed on March 28, 2007. (*See* Docket No. 6). Petitioner filed his first application to proceed *in forma pauperis* on March 8, 2007. (*See* Docket No. 2). Construing Petitioner's pleading as a petition for writ of habeas corpus, Magistrate Judge R. Steven Whalen granted Petitioner's application to proceed *in forma pauperis* on March 19, 2007. (*See* Docket No. 3).

the conditions of his confinement.[6] Thus, the Court, in applying the different procedural rules governing habeas petitions and civil rights complaints, will treat Petitioner's allegations challenging his state conviction separate from those challenging the conditions of his confinement.

### A. The Habeas Petition

As noted, portions of the pleading challenge Petitioner's conviction for first-degree criminal sexual conduct. Petitioner challenged the same conviction in a prior habeas petition, which United States District Judge David M. Lawson denied on the merits. *See Dunbar v. Curtis*, No. 1:03-10232 (E.D. Mich. July 8, 2005). The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability, *see Dunbar v. Curtis*, No. 05-2061 (6th Cir. July 21, 2006), and the Supreme Court denied Petitioner's application for the writ of certiorari. *See Dunbar v. Curtis*, __ U.S. __, 127 S. Ct. 991 (2007).

To file a second or successive habeas petition "seeking relief from custody pursuant to a state court judgment" a petitioner must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006)(holding that 28 U.S.C. § 2244(b) applies to all habeas

---

[6] For example, Petitioner argues that his trial attorney, Jeffrey G. Collins, refused to allow him to testify, failed to call a particular witness, and failed to present certain evidence to the jury. (Docket No. 4, Am. Petition/Complaint at 5-6). These allegations seem to constitute an ineffective assistance of counsel claim, a challenge to Petitioner's state court conviction. On the other hand, Petitioner alleges that an attorney bribed the Michigan Department of Corrections to place false information in his prison files and that prison officials steal his incoming and outgoing mail. (*Id.* at 10, 12). These allegations seem to challenge the conditions of Petitioner's confinement.

petitions seeking relief from state custody, whether filed pursuant to 28 U.S.C. § 2241 or § 2254); 28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620 (1998). Petitioner has not acquired permission to file another habeas petition challenging the same conviction for first-degree criminal sexual conduct. Therefore, his habeas corpus petition will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997)(holding that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2243(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631").

### B. The Civil Rights Complaint

Petitioner seeks money damages under 42 U.S.C. § 1983 and *Bivens* in the event the Court declines to issue a writ of habeas corpus. He alleges, among other things, that the respondents have placed false information in his prison file and interfered with his incoming and outgoing mail. He further alleges that the respondents have engaged in corrupt conduct in his previously filed federal cases.

Plaintiff has filed an application to proceed without pre-payment of fees and costs, which is permitted under 28 U.S.C. § 1915(a)(2). However, 28 U.S.C. § 1915(g) prohibits prisoners who have had three or more civil complaints dismissed as frivolous, malicious, or for failure to state a claim from bringing "a civil action or proceeding under this section . . . unless the prisoner is under imminent danger of serious physical injury." Therefore, because Petitioner has filed three or more prior complaints which have been

dismissed as frivolous or for failure to state a claim,[7] Petitioner is prohibited from filing this civil rights complaint without pre-payment of the filing fee, "unless he is under imminent danger of serious physical injury." Petitioner says that he is infected with Hepatitis C and suffers from fatigue and anxiety. The facts as alleged fail to demonstrate that Petitioner was under imminent danger of serious physical injury when he filed his pleading.[8] Because he has not prepaid the filing fee of $350.00 for a civil rights complaint, *see* 28 U.S.C. § 1914, his civil rights claims will be dismissed without prejudice.

## II. Conclusion

To summarize, Petitioner's habeas petition is a second or successive petition, which requires authorization from the Court of Appeals before this Court may consider it, and his civil rights claims are barred from review by the failure to prepay the filing fee for a civil rights complaint.

Accordingly,

---

[7] *See Dunbar, et al., v. Wayne County Circuit Court, et al.*, No. 2:03-74171 (E.D. Mich. May 12, 2004) (Duggan, J.); *Dunbar, et al., v. Sugierski, et al.,* No. 2:03-72729 (E.D. Mich. Aug. 21, 2003) (Zatkoff, J.); *Dunbar, et al. v. Michigan County Prosecutors*, No. 2:03-70556 (E.D. Mich. Mar. 10, 2003) (Cohn, J.); *Dunbar v. Posner, Posner, & Posner*, No. 2:94-70704 (E.D. Mich. Mar. 22, 1994) (Rosen, J.).

[8] "Imminent danger" must exist at the time the complaint is filed. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Allegations that the prisoner faced danger in the past are insufficient to allow the prisoner to pay the filing fee for his civil rights complaint on an installment basis. *Abdul-Akbar*, 239 F.3d at 311; *accord Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley*, 147 F.3d at 717.

**IT IS ORDERED**, that Petitioner's second or successive habeas corpus petition is **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that Petitioner's civil rights complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's second application to proceed without prepayment of fees and costs [Docket No. 6, March 28, 2007] is **DENIED** because Petitioner has already been granted leave to proceed *in forma pauperis* on his habeas claims, and he may not proceed *in forma pauperis* on his civil rights claims.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel and for a transfer to a federal prison [Docket No. 5, March 28, 2007] and his motion for a temporary restraining order [Docket No. 7, April 4, 2007] are **DENIED AS MOOT**.

    s/PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

Copies to:
Joseph G. Dunbar
129278
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212