UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH G. DUNBAR,

    Petitioner/Plaintiff,

v.

RAYMOND BOOKER, SANDRA
SCHULTZ MENGEL, JAMES A.
HIGGINS, LEONARD GREEN,          Case No. 07-10993
JEFFERY G. COLLINS, MIKE COX,
LAURA MOODY, ROBERT M.           Honorable Patrick J. Duggan
MORGAN, GERALD M. LORENCE,
SAMUEL POSNER, ASSISTANT
DEPUTY WARDEN STODDARD,
PATRICIA L. CARUSO, DOCTOR
PIPER, LT. GAUCCI, and DOMINIC
SCROY,

    Respondents/Defendants.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION/REHEARING**

    At a session of said Court, held in the U.S.
    District Courthouse, Eastern District
    of Michigan, on_July 20, 2007.

    PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

On March 8, 2007, Joseph G. Dunbar ("Petitioner") filed a *pro se* pleading consisting of a habeas corpus petition, brought pursuant to 28 U.S.C. § 2241(c)(3), and a civil rights complaint, brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 99 S. Ct. 1999 (1971).[1] This Court, on June 5, 2007, issued an order transferring Petitioner's second or successive habeas petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and dismissing his civil rights complaint without prejudice due to Petitioner's failure to prepay the filing fee. (6/5/07 Or. at 5-6.) Presently before this Court is Petitioner's Motion for Reconsideration/Rehearing, which was filed on June 13, 2007. Petitioner has also submitted letters dated June 28, 2007 and July 3, 2007, apparently in support of his motion.

Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller*

---

[1] Petitioner filed an amended pleading styled "Correction of Petition/Complaint" on March 28, 2007.

*Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

First, Petitioner contends that this Court erred in finding that Petitioner's habeas petition is a second or successive petition, necessitating authorization from the Court of Appeals before this Court may consider it. Specifically, Petitioner argues that "after a careful examination of the Petition at 8 thru 13, and a reading of Order/Opinion by Judge [David M.] Lawson this Court will have to conclude I'm not filing a 'second or a successive petition' because Judge Lawson never adjudicated these claims." (6/28/07 Letter.) Petitioner lists these allegedly unadjudicated claims in his Motion for Reconsideration/Rehearing. (Mot. Reconsideration/Rehearing at 4-6.)

After comparing Judge Lawson's July 8, 2005 Opinion and Order with the claims Petitioner lists in his Motion for Reconsideration/Rehearing, this Court does not believe that Petitioner has demonstrated that this Court was misled by a palpable defect in finding that Petitioner's habeas petition was a second or successive petition. Contrary to Petitioner's assertion, the claims listed in his Motion for Reconsideration/Rehearing were adjudicated by Judge Lawson in his July 8, 2005 Opinion and Order. Thus, Petitioner has failed to demonstrate a palpable defect by which the Court was misled.

Second, Petitioner argues that this Court erred in determining that he was not "under imminent danger of serious physical injury," which would have allowed him to file his

civil rights complaint without pre-payment of the filing fee.[2] In his Motion for Reconsideration/Rehearing, Petitioner asserts that he is "in imminent danger for his life from prison officials" for several reasons, including the fact that prison officials destroyed and planted lies his prison files, destroyed his visiting lists, stole his incoming mail, had Petitioner assaulted, threatened Petitioner that if he did not keep his mouth shut "he would be shut up with medication," "injected Plaintiff with Hepatitis C or an unknown substance," and hired a defense witness to prevent her from testifying at Petitioner's trial. (Mot. for Reconsideration/Rehearing at 7-10.)

Many of reasons Petitioner argues put him in "imminent danger of serious physical injury" occurred in the past. Consequently, as stated by the Court in its June 5, 2007 Opinion and Order, "[a]llegations that the prisoner faced danger in the past are insufficient to allow the prisoner to pay the filing fee for his civil rights complaint on an installment basis." (6/5/07 Or. at 5 n.8 (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001); *accord Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).) Furthermore, Petitioner's allegation that he has Hepatitis C and that it is life-threatening is unsupported by any evidentiary material. Because conclusory allegations are insufficient to satisfy the "imminent danger of serious physical injury" exception to the three strikes rule, *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Chance v. Tennessee*, 47

---

[2]As stated in this Court's June 6, 2007 Order, "because Petitioner has filed three or more prior complaints which have been dismissed as frivolous or failure to state a claim, Petitioner [was] prohibited from filing this civil rights complaint without pre-payment of the filing fee, 'unless he is under imminent danger of serious physical injury.'" (6/5/07 Or. at 5.)

4

Fed. Appx. 762, 763 (6th Cir. 2002), this Court does not believe that it was misled by a palpable defect when it concluded that the "facts as alleged fail to demonstrate that Petitioner was under imminent danger of serious physical injury when he filed his pleading." (6/5/07 Or. at 5.)

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Reconsideration/Rehearing is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Joseph G. Dunbar
129278
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212